UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEAN GRIFFIN,**

    **Applicant,**

v.                                       **Case No. 8:13-cv-2679-T-60SPF**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

_____/

## ORDER

Dean Griffin, proceeding *pro se*, timely applies for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Respondent opposes the application. (Doc. 28) Griffin filed a reply. (Doc. 18)[1] Upon consideration, the Court **ORDERS** that the application is **DENIED**:

## Procedural History

Griffin was convicted after a jury trial of robbery with a deadly weapon. (Doc. 15 Ex. 1 at 27) He was sentenced to life imprisonment as a prison releasee reoffender. (Doc. 15 Ex. 1 at 72-75) The state appellate court *per curiam* affirmed Griffin's conviction and sentence. (Doc. 15 Ex. 5) The state court summarily denied Griffin's motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850. (Doc. 15 Exs. 10, 11) The state appellate court *per curiam* affirmed the order of denial.

---

[1] Respondent's initial response was entered at Doc. 12. In accord with a subsequent Order (Doc. 24), Respondent filed an amended response (Doc. 28). Griffin replied to the initial response (Doc. 18) but not to the amended response. The Court considers Griffin's reply to the original response.

1

(Doc. 15 Ex. 15) The state appellate court also denied Griffin's petition alleging ineffective assistance of appellate counsel, filed under Florida Rule of Appellate Procedure 9.141. (Doc. 15 Exs. 6, 7)

## **Standard Of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if an applicant is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief and denied Griffin's petition alleging ineffective assistance of appellate counsel without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). Further, when a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

## Ineffective Assistance Of Counsel

Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of

deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Griffin must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Griffin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted); *see also Burt v. Titlow*, 571 U.S. 12, 15 (2013) (stating that this doubly deferential standard of review "gives both the state court and the defense attorney the benefit of the doubt."). "The question [on federal habeas review of an ineffective assistance claim]

4

'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## Discussion

### Ground One

Griffin contends that appellate counsel was ineffective in not arguing that the trial court erred when it failed to evaluate his motion to dismiss counsel under *Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973). *Nelson* provides that when a criminal defendant requests to discharge his counsel due to counsel's alleged deficiency, the trial court should make an inquiry to determine whether adequate grounds exist for discharge. *Id.* at 258-59. Griffin raised this claim in his state habeas petition alleging ineffective assistance of appellate counsel. (Doc. 15 Ex. 6) The state appellate court denied the petition without discussion. (Doc. 15 Ex. 7) This Court presumes that the state appellate court resolved the claim on its merits. *See Richter*, 562 U.S. at 99 (stating that a federal court may presume that an unelaborated state court decision constituted an adjudication on the merits "in the absence of any indication or state-law procedural principles to the contrary.").

Griffin's ineffective assistance claim turns on a question of state law—whether the judge complied with *Nelson*'s procedures for Florida trial courts. The state appellate court considered and rejected the merits of Griffin's underlying state law claim, and this Court must defer to the state appellate court's determination of

5

Florida law. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [counsel] objected to the introduction of Callahan's statements based on [state law]—the objection would have been overruled. . . . Therefore, [counsel] was not ineffective for failing to make that objection."); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)); *Will v. Sec'y, Dep't of Corr.*, 278 F. App'x 902, 908 (11th Cir. 2008)[2] ("Although an ineffective-assistance-of-counsel claim is a federal constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law.'") (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Because Griffin fails to show that the state appellate court's denial of his claim was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable factual determination, he is not entitled to relief on Ground One.

Ground Two

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Griffin asserts that trial counsel was ineffective in not requesting a competency evaluation before or during the trial proceedings. Griffin contends that if counsel had requested an evaluation, Griffin would have been declared incompetent to proceed. The state court summarily denied Griffin's claim:

> In claim one, Defendant alleges that, but for counsel's failure to move for a competency hearing, Defendant would have been found incompetent to proceed, and the outcome of the trial and sentencing would have been different. In support of his claim, Defendant avers that he was incompetent throughout his entire incarceration and throughout his jury trial, that he had advised counsel of his mental health history (including blackouts, dementia, and schizophrenia), that he had asked counsel to obtain his mental health records from the Ohio Department of Corrections (DOC) and to seek either a psychological evaluation or rehabilitation. Defendant contends that these factors provided counsel reasonable grounds to move for a competency evaluation.
>
> To satisfy Strickland's deficiency prong based on counsel's handling of a competency issue, a defendant must allege specific facts showing that a reasonably competent attorney would have questioned the defendant's competence to proceed. See Thompson v. State, 88 So.3d 312, 319 (Fla. 4th DCA 2012) (explaining that a post-conviction movant must allege specific facts showing that an attorney of reasonable competence would have questioned the defendant's competence to proceed). In making this determination:
>
>> The question is whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings. . . . Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing. . . . [N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. . . . [N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.
>
> Id. (internal citations and quotations omitted).

7

To the extent that Defendant alleges counsel was ineffective for failing to move for a competency hearing *prior to* trial, Defendant's claim does not warrant relief because a reasonably competent attorney would not have questioned his competence to proceed. In support of his motion, Defendant submits written, pre-trial detention messages that he exchanged with counsel. These messages reflect that Defendant understood: that he was in jail; that he was in trouble; that he had mental health issues; that he thought prior mental health records could be important; that he wanted rehabilitation or an evaluation; that he wanted a downward departure sentence; that he knew that "Parr" advised both him and his family that counsel would have to set up an evaluation; that he wanted his mental health records from Ohio DOC because they would show he was on medication for depression; that he wanted counsel to file a motion to suppress; that his possession of a knife was an important aspect of his case; that his girlfriend, Nicole Newman, testified against him in a deposition and received a sentencing cap of thirty months; that counsel advised him that, even though he was prescribed the medications Thorazine and Prozac, he was "out of his range for a downward departure" sentence; and that counsel advised him that the store clerk's testimony, alleging he used a knife during the robbery, would outweigh evidence to the contrary (including DNA, fingerprints, and store security video footage). Therefore, Defendant's pre-trial communications with counsel reflect that he had a sufficient present ability to assist counsel with a reasonable degree of rational understanding and that he had a rational and factual understanding of the pending proceedings. Therefore, Defendant has failed to show that, *prior to* trial, a reasonably competent attorney would have questioned his competence. Thompson at 319. Counsel cannot be deemed deficient for failing to raise a meritless argument. Ferrell v. State, 29 So. 3d 959 (Fla. 2010). Having found that Defendant has failed to make a showing as to prong one of Strickland, this Court need not determine whether he has made a showing as to the second. Ford v. State, 955 So. 2d 550 n.6 (Fla. 2007); Waterhouse v. State, 792 So.2d 1176, 1182 (Fla. 2001). To the extent Defendant alleges that counsel was ineffective for failing to move for a competency hearing prior to trial, his claim is denied.

To the extent that Defendant alleges counsel was ineffective for failing to move for a competency hearing *during* trial, the trial transcript reflects that counsel had no cause to reasonably suspect that Defendant was incompetent. Defendant exhibited a rational and factual understanding of the pending proceedings when he logically, intelligently, and articulately testified that he was freely and voluntarily choosing to not take the stand and that he granted counsel

> permission to proceed with her strategy of arguing for a lesser charge during closing arguments. Therefore, a reasonably competent attorney would not have questioned his competence to proceed during trial. Counsel cannot be deemed deficient for failing to raise a meritless argument. Ferrell. Having found that Defendant has failed to make a showing as to the first prong of Strickland, this Court need not determine whether he has made a showing as to the second. Ford v. State, 955 So.2d 550 n.6 (Fla. 2007); Waterhouse v. State, 792 So.2d 1176, 1182 (Fla. 2001). To the extent Defendant alleges that counsel was ineffective for failing to move for a competency hearing during trial, his claim is denied. Accordingly, Defendant's first claim of ineffective assistance of counsel is denied.

(Doc. 15 Ex. 11 at 2-5) (state court record citations omitted) (emphasis and alterations in original)

The conviction of a mentally incompetent defendant violates due process. *Pate v. Robinson*, 383 U.S. 375 (1966). The standard for competency to proceed is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960);[3] *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.").

Griffin has not established that the state court unreasonably denied his claim. The written pre-trial communications between Griffin and counsel support the state court's conclusion that "a reasonably competent attorney would not have questioned [Griffin's] competence to proceed." (Doc. 15 Ex. 11 at 3) These communications

---

[3] The *Dusky* standard is codified in Florida Rule of Criminal Procedure 3.211(a)(1).

showed Griffin's rational and factual understanding of the proceedings against him, and demonstrated his ability to assist in the defense and consult with his lawyer with a reasonable degree of rational understanding.[4] Griffin's references to his mental health concerns and medications do not establish that he was incompetent to proceed. *See Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (stating that "not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or to understand the charges.") (citation omitted); *Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992) (stating that a defendant's use of psychiatric drugs is relevant but not determinative to establishing competency).

The record also supports the state court's finding that Griffin exhibited a rational and factual understanding of the proceedings during trial by "logically, intelligently, and articulately" stating that he decided not to testify and that he permitted counsel to argue for a lesser charge. Griffin told the court under oath that he chose not to testify; that he made the decision freely and voluntarily; that no one coerced him into remaining silent; and that he gave counsel permission to argue for a lesser charge during closing arguments. (Doc. 15 Ex. 1B at 244-46) Griffin offers no other evidence purporting to show his incompetence to proceed.

Accordingly, Griffin fails to demonstrate that counsel had reason to believe he would have been found incompetent to proceed following an evaluation. As the state

---

[4] Copies of the written communications between Griffin and counsel are included in the record before this Court. Portions of these documents are illegible due to the lightness of the copies. However, Griffin does not challenge or dispute the state court's factual findings about the content of the communications. Those factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

court correctly determined, counsel is not ineffective in forgoing a meritless argument. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Griffin does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. As a result, Griffin is not entitled to relief on Ground Two.

Ground Three

Griffin argues that trial counsel was ineffective in not presenting an insanity defense. Under Florida law, insanity is shown when:

(a) The defendant had a mental infirmity, disease or defect; and

(b) Because of this condition, the defendant:

1. Did not know what he or she was doing or its consequences; or

2. Although the defendant knew what he or she was doing and its consequences, the defendant did not know that what he or she was doing was wrong.

Mental infirmity, disease, or defect does not constitute a defense of insanity except as provided in this subsection.

§ 775.027(1), Fla. Stat.

A defendant presenting this affirmative defense bears the burden of proving insanity by clear and convincing evidence. § 775.027(2), Fla. Stat. Griffin claims that if he had been evaluated for competency to stand trial and competency at the time of the offense, the evaluation would have revealed that insanity was an available defense. In support of his contention that counsel should have uncovered and presented an insanity defense, Griffin contends that he told counsel to obtain his

11

medical records and that he told counsel he did not know what he was doing at the time of the offense.

The state court summarily denied Griffin's ineffective assistance claim:

In claim two, Defendant alleges that, but for counsel's failure to obtain his medical records and have him evaluated for both his competency to stand trial and his competency at the time of the offense, he would have been diagnosed as legally insane at the time of the offense. By extension, Defendant asserts that such a diagnosis would have allowed counsel to present a defense of insanity, which would have resulted in an acquittal.

To the extent Defendant alleges that counsel was ineffective for failing to move for an examination to determine Defendant's competence to stand trial, this Court denies the claim under the reasoning set forth in claim one.

To the extent Defendant alleges that counsel was ineffective for failing to move for a hearing to determine Defendant's competency at the time of the offense, thereby eliminating his ability to present an insanity defense, Defendant's claim does not warrant relief because he agreed with counsel's strategy to argue for a lesser charge. After the state rested, counsel advised the Court that the defense's strategy was to argue during closing arguments that Defendant did not carry a deadly weapon during the course of the robbery. Rather than object to the strategy or express his desire to instead have a competency hearing and present an insanity defense, Defendant testified that he gave counsel permission to proceed with her strategy of arguing for a lesser charge during closing arguments. Because Defendant knew of counsel's strategy and wanted to proceed, he cannot now claim that counsel was deficient for failing to follow that strategy. Having found that Defendant has failed to make a showing as to the first prong of Strickland, this Court need not determine whether he has made a showing as to the second. Ford v. State, 955 So. 2d 550 n.6 (Fla. 2007); Waterhouse v. State, 792 So. 2d 1176, 1182 (Fla. 2001). To the extent Defendant alleges that counsel was ineffective for failing to move for a competency hearing during trial, his second claim of ineffective assistance of counsel is denied.

(Doc. 15 Ex. 11 at 4-5) (state court record citations omitted)

Griffin has not shown that the state court unreasonably denied his claim. Initially, for the reasons discussed above, Griffin fails to show that counsel was ineffective in not requesting an evaluation of his competency to proceed either before or during trial proceedings. Furthermore, as the state court noted, the record shows that Griffin told the court he approved of the defense his attorney presented, did not object to that defense, and did not indicate to the court that he wanted an evaluation or that he wanted to pursue an insanity defense. (Doc. 15 Ex. 1B at 244-46)

Moreover, Griffin presents no independent evidence supporting his vague and conclusory claim that he was insane at the time of the offense under § 775.027, Fla. Stat., and that insanity was thus a viable defense. Although he mentions his past medical records, he has not produced the records or specified what they would show. Griffin's self-serving speculation, without more, is insufficient to warrant relief on federal habeas review. *See Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (noting that a federal court may not grant habeas relief "on the basis of little more than speculation with slight support."); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that an applicant's "unsupported allegations" that are "conclusory in nature and lacking factual substantiation" cannot sustain an ineffective assistance claim); *see also Presnell v. Zant*, 959 F.2d 1524, 1533 (11th Cir. 1992) (rejecting the applicant's ineffective assistance of counsel claim based upon his attorney's failure to raise an insanity defense when the applicant failed to come forward with evidence supporting an insanity defense).

Griffin fails to show that the state court's rejection of his ineffective assistance claim involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. Consequently, Griffin is not entitled to relief on Ground Three.

It is therefore **ORDERED** that Griffin's application (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Griffin and to **CLOSE** this case.

It is further **ORDERED** that Griffin is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. To obtain a certificate of appealability, Griffin must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Griffin has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Griffin must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of November, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**